## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DASHAUN MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 2:22-cv-02154-DDC-ADM |
| DENIS McDONOUGH, in his | ) | |
| capacity as Secretary of the Department of | ) | |
| Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS

The United States, on behalf of Denis McDonough, Secretary of the Department of

Veterans Affairs, submits this reply in support of his motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6).

### INTRODUCTION

On June 28, 2022, Defendant filed a motion to dismiss Plaintiff's claims in this matter for

failure to state a claim based upon the following reasons:

(1) **Disparate treatment.** Plaintiff has not plausibly stated a claim for disparate treatment based on race because she has not alleged facts sufficient to support an inference that any action was taken because of her race and the events about which she complains are not adverse personnel actions. Plaintiff also failed to exhaust her administrative remedies as to some discrete events;

(2) **Hostile work environment**. Plaintiff has not plausibly stated a claim for racially hostile work environment because she fails to allege facts sufficient to support a plausible inference that any of the alleged conduct occurred because of her race and the alleged conduct was neither severe nor pervasive;

(3) **Retaliation.** Plaintiff has not plausibly stated a claim for retaliation because she has not alleged any materially adverse action and, even if she had, she had not alleged facts sufficient to support an inference that any particular action was taken because of her participation in a protected activity; and

(4) **Constructive discharge.** Plaintiff failed to exhaust her constructive discharge claim.

Plaintiff timely filed her response in opposition.

Succinctly stated, Plaintiff's response is a confusing mishmash of legal concepts that improperly conflates hostile work environment, retaliation, and disparate treatment, and constructive discharge theories. This confusion is only enhanced by Plaintiff's improper reliance upon the "see" introductory signal without parenthetical explanations and failure to provide pincites for the cited cases supposedly supporting her sweeping legal arguments. For example, Plaintiff cites *Brownlee v. Cath. Charities of the Archdiocese of Chicago*, No. 16-CV-00665, 2017 WL 770997 (N.D. Ill. Feb. 28, 2017) for the proposition that she exhausted her constructive discharge claim by exhausting her hostile work environment claim. (Doc. 20, pg. 7). But she fails to provide a pincite or parenthetical to direct Defendant (and the Court) to any statement in *Brownlee* that might support such a sweeping proposition.[1] The Court (and Defendant) should not be required to scour the cases cited by Plaintiff in hopes of finding something that might support Plaintiff's bold legal theories. "Judges are not like pigs, hunting for truffles buried in briefs." *McKinzy v. I.R.S.*, 367 F. App'x 896, 897 (10th Cir. 2010) (citation omitted); *see also United States v. Mannino*, No. 3:14-CR-00026-RRB, 2022 WL 1597394, at *9 (D. Alaska May 19, 2022) (stating the same in response to a Defendant's failure to "explain how [his cited cases] support his argument" and failure "to give even cursory pincites to specific passages in the opinions to help demonstrate his reasoning.").

That being said, for the reasons discussed below, Plaintiff's arguments are insufficient to avoid dismissal. For substantially the same reasons presented in his opening memorandum, Defendant requests that the Court grant his motion to dismiss and enter judgment in his favor.

---

[1] Upon reviewing *Brownlee*, it is apparent that the case is wholly silent on the issue of exhaustion.

<u>**A**RGUMENTS AND **A**UTHORITIES</u>

**I.      Plaintiff misstates the relevant legal standard under Rule 12(b)(6).**

Plaintiff asserts that the Court "assumes the facts pleaded are true and liberally grants to Plaintiff all reasonable inferences therefrom." (Doc. 20, pg. 5).  This is only partially accurate. While Plaintiff is entitled to reasonable inferences, the court only accepts "[a]ll well-pleaded facts, as distinguished from conclusory allegations," as true when considering a motion to dismiss under Rule 12(b)(6).  *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM, 2017 WL 3492312, at *2 (D. Kan. Aug. 15, 2017) (quotation omitted).  And the Court certainly is not bound to accept as true Plaintiff's legal conclusions. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[W]hen legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to those conclusions.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 663 (2009)).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citation omitted). "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Harter v. United States*, 344 F. Supp. 3d 1269, 1275 (D. Kan. 2018) (emphases in original) (quotation omitted).

As demonstrated below, outside of Plaintiff's conclusory allegations and legal conclusions, Plaintiff fails to assert facts sufficient to plausibly state a claim upon which relief may be granted.

**II.** **Plaintiff did not exhaust her constructive discharge claim by asserting a hostile work environment claim.**

In his opening memorandum, Defendant argued that Plaintiff's constructive discharge claim should be dismissed because Plaintiff did not administratively exhaust that claim during the EEO process. (Doc. 10, pgs. 6-7). In response, Plaintiff does not argue that she independently exhausted a constructive discharge claim during the EEO process. Rather, Plaintiff argues that she administratively exhausted her constructive discharge claim by making a hostile work environment claim during the EEO process. (Doc. 20, pg. 6-7). Plaintiff's argument is wholly lacking in merit.

As Judge Robinson held in *Sifuentes v. United Parcel Serv., Inc.*, Case No. 10-cv-2178-RDR, 2012 WL 5907385, at *5 (D. Kan. Nov. 26, 2012), Plaintiff's position is inconsistent Tenth Circuit law. In *Sifuentes*, the plaintiff argued that he had properly exhausted his constructive discharge claim because "it [was] related to [his] hostile work environment claim," which was administratively exhausted. *Id*. Relying on *Chapman v. Carmike Cinemas*, 307 F. App'x 164, 174 (10th Cir. 2009) (unpublished), Judge Robinson quickly rejected the idea that the plaintiff could somehow exhaust his constructive discharge claim by exhausting a hostile work environment claim. Instead, a constructive discharge claim is "a separate actionable unlawful practice" requiring its own "administrative charge." *Id*; *See also Slayden v. Ctr. for Behav. Med.*, No. 20-00482-CV-W-GAF, 2021 WL 4076167, at *3, fn. 2 (W.D. Mo. Aug. 6, 2021) (Denying similar argument made by Plaintiff's counsel, Rebecca Randles, stating that "[a] constructive discharge is a discrete act of discrimination or retaliation that stands separate and distinct from the continuing violation of a hostile work environment.").

There is no dispute regarding whether Plaintiff presented a constructive discharge claim to an EEO counselor for purposes of exhaustion. She did not. Accordingly, because Plaintiff did not administratively exhaust a claim for constructive discharge during the EEO process, Plaintiff's

constructive discharge claim is time-barred and should be dismissed for failure to state a claim upon which relief may be granted. *See Hickey v. Brennan*, Case No. 19-cv-00413-MEH, 2019 WL 9088066, at *2 (D. Colo. July 31, 2019), *aff'd*, 969 F.3d 1113 (10th Cir. 2020). ("[F]ederal courts may not entertain claims [against the United States or its agencies] that were not administratively exhausted.").

**III.    Plaintiff has not plausibly stated a claim for disparate treatment based on her race.**

    *A.    Plaintiff failed to administratively exhaust several of her discrimination claims.*

In his opening memorandum, Defendant established that Plaintiff failed to administratively exhaust several claims as she did not present those claims to an EEO counselor. Those claims are that Plaintiff: (1) was treated less favorably in some unidentified disciplinary matters (Doc. 1, ¶ 20); (2) received some unidentified discipline for failing to perform certain unidentified duties (Doc. 1, ¶ 19); (3) was forced "to work many hours over time without compensation" (Doc. 1, ¶ 31(a)); (4) was constructively discharged (Doc. 1, ¶ 31(d)); and (5) was subjected to heightened scrutiny (Doc. 1, ¶ 17). *See* (Doc. 10, pg. 8). Accordingly, Defendant moved this Court to dismiss those five claims for discrete acts of discrimination.

In her response, Plaintiff does not argue that she presented any of the five listed claims to an EEO counselor for purposes of exhaustion. Instead, Plaintiff argues that Defendant's view that each discrete incident of alleged discrimination or retaliation must be separately exhausted "does not comport with the law." (Doc. 20, pg. 8). But Plaintiff cites no law from *this* Circuit or from *this* District in support of her argument. Instead, she relies upon Fifth and Eighth Circuit law in support of her argument that she should be allowed to proceed on the unexhausted claims because they reasonably relate to exhausted claims. (Doc. 20, pg. 8-9).

In *this* Circuit, however, "[t]he 'reasonable relation' theory is no longer good law in cases involving discrete, easily identifiable incidents." *Chapman*, 307 F. App'x at 174 (citing *Martinez*

5

*v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)). Instead, "each discrete incident of [alleged discrimination or retaliation] constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez*, 347 F.3d at 1210. Therefore, a plaintiff cannot save an unexhausted claim "by asserting that it 'reasonably relate[s]' to [an exhausted claim]." *Cirocco v. McMahon*, 768 F. App'x 854, 861 (10th Cir. 2019) (unpublished) (citing *Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014) and *Martinez*, 347 F.3d at 1211).

In other words, a party "may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances." *Almond v. Unified Sch. Dist. #501*, 749 F. Supp. 2d 1196, 1204 (D. Kan. 2010), *aff'd*, 665 F.3d 1174 (10th Cir. 2011). Yet, this is precisely what Plaintiff incorrectly tells this Court she is entitled to do. *See* (Doc. 20, pg. 14) ("A plaintiff is not limited to the events set forth in the charge of discrimination or even the EEO investigation alone."). It is undisputed that Plaintiff did not present the five listed discrete acts to an EEO counselor as reflected in her Formal EEO Complaint (Doc. 10-2), the Final Agency Decision (Doc. 10-1), and in her own Complaint (Doc. 1). Therefore, the Court should dismiss the five listed claims because they have not been administratively exhausted.

> **B.** **_Plaintiff has not alleged facts capable of supporting a plausible finding or inference of disparate treatment based on race._**

To plausibly allege a claim of discrimination based on disparate treatment, a complaint must "allege some set of facts that taken together plausibly suggest differential treatment of similarly situated employees." *Hwang v. Kan. State Univ.*, 753 F.3d 1159, 1164 (10th Cir. 2014) (citing *Khalik*, 671 F.3d at 1193-94). When confronted with a motion to dismiss, however, a plaintiff's "general assertions of discrimination and retaliation, without any details whatsoever of events leading up to [the event], are insufficient." *Khalik*, 671 F.3d at 1193 (citations and quotations omitted). A plaintiff's failure to provide any facts supporting an inference that she was

treated differently than similarly situated employees is equally insufficient. *Bekkem v. Wilkie*, 915 F.3d 1258, 1275 (10th Cir. 2019) (citation omitted) (plaintiff's "assertion that she is 'similarly situated' to other employees is 'just a legal conclusion—and a legal conclusion is never enough.'"); *see also Willard v. Mayorkas*, Case No. 2:21-cv-02538, Doc. 27, pg. 7 (D. Kan. July 19, 2022) ("Plaintiff's assertion that she is 'similarly situated' to other employees is just a legal conclusion, which is not enough to survive a Rule 12(b)(6) challenge.").

Here, Plaintiff's response merely regurgitates her conclusory, generalized allegations that Ms. Duda took certain actions because of discrimination and, confusingly, states periodically that the actions constitute adverse employment actions. (Doc. 20, pgs. 9-11). The pertinent inquiry is whether Plaintiff has alleged any facts that taken together might plausibly suggest differential treatment of similarly situated employees. Strikingly, the phrase "similarly situated" appears nowhere in this section of her response. *See* (Doc. 20, pgs. 9-11). And her Complaint presents *no* facts about similarly situated employees. She does not identify any non-African American employees who had the same immediate supervisor[2], who committed the same conduct, or who had a similar employment history. And she has no well pleaded facts explaining how such employees were treated more favorably than her. *See Hwang*, 753 F.3d at 1164 (affirming dismissal of complaint where the plaintiff "has pleaded no facts about the non-disabled University employees who receive sabbaticals, let alone facts suggesting they are like her in any relevant way").

For the reasons stated in Defendant's opening memorandum and above, Plaintiff alleges no set of facts that might plausibly support an inference of differential treatment of similarly

---

[2] Indeed, Plaintiff admits that she and one other African American employee were "the only two supervisors under Ms. Duda." (Doc. 20, pg. 17).

situated employees. Therefore, Plaintiff has failed to state a plausible claim for discrimination based on disparate treatment.

### C.     *Plaintiff has not suffered an adverse personnel action.*

In Count 1, Plaintiff claims that she suffered an adverse personnel action when Defendant (1) "failed to train Plaintiff in the job duties of her new position," (2) "[g]ave Plaintiff duties that could not be completed within the time allowed, (3) "[f]orced Plaintiff to work many hours over time without compensation,", (4) "[c]aused her to be constructively discharged," and (5) "[o]ther events as set forth in the Statement of Facts." (Doc. 1, at ¶ 31(a)–(e)). In his opening memorandum, Defendant argued that the discrete acts listed by Plaintiff in (1), (2), and (5) are not actionable "adverse personnel actions." (Doc. 10, pgs. 12-17). The allegations presented in (3) and (4) were not timely exhausted and cannot serve as a basis for a claim of discrimination based upon discrete acts. (*Id.*). In her response, Plaintiff proclaims (with little to no legal analysis or application and scarce citations) that all of the actions alleged in her Complaint and even ones that she has not alleged are "adverse job actions." (Doc. 20, pgs. 11-13).[3]

Plaintiff's response is wholly insufficient to defeat Defendant's motion to dismiss. Courts have consistently noted that they do not act as advocates on behalf of *pro se* litigants. *See e.g.*, *Hecht v. Internal Revenue Serv.*, Case No. 17-cv-4118-DDC-TJJ, 2018 WL 4520879, at *1 (D. Kan. Aug. 31, 2018). Given that rule, courts "certainly" do not "adopt the function of advocate and 'manufacture' arguments for parties, like [Plaintiff], who are represented by counsel." *Schneberger v. Air Evac Ems, Inc.*, 749 F. App'x 670, 680 (10th Cir. 2018) (unpublished) (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003)); *See also Nelson v.*

---

[3] For example, Plaintiff did not plead in her Complaint that she had been "passed over for advancement opportunities," received a written reprimand, or was told by some identified person that she was required to work overtime without pay. She also, of course, did not present such claims to an EEO counselor. *See* (Docs. 10-1 & 10-2).

*Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (district courts are not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel.").

And even if Plaintiff's argument were properly briefed, it would still fail as she incorrectly conflates her disparate treatment claim with a claim for hostile work environment. Indeed, Plaintiff chides Defendant for "pars[ing] out each particularized job action" instead of viewing the "environment within which [Plaintiff] worked" as a whole. (Doc. 20, pg. 13). Plaintiff then declares that the alleged failure to provide training coupled with "additional duties," disallowing overtime, and unidentified discipline "create[ed] a hostile work environment." (Doc. 20, pg. 13). As Judge Teeter recently reflected, however, disparate treatment and hostile work environment claims are not one in the same:

> They have distinct elements. For example, a disparate treatment claim requires an adverse employment action. [*Desouza v. Off. of Child. & Fam. Servs.*, Case No. 18-cv-2463-PKC-SMG, 2019 WL 2477796, at *4 (E.D.N.Y. June 12, 2019)]. But a hostile-work-environment claim requires allegations of a workplace so saturated with severe or pervasive harassment that it alters the conditions of the working environment. *Mitchell v. City & Cnty. of Denver*, 112 F. App'x 662, 668 (10th Cir. 2004); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'").

*Pfannenstiel v. Kansas*, Case No. 5:21-cv-04006-HLT-ADM, 2022 WL 873674, at *10 (D. Kan. Mar. 24, 2022). These "differing analytical standards necessarily mean that allegations that might establish one claim do not necessarily establish the other." *Id*. (citing *Benedetto v. New York State Off. of Child. & Fam. Servs.*, 2020 WL 4049945, at *3 n.4 (N.D.N.Y. 2020) ("The Court thus will not find that there was an adverse employment action based simply on Plaintiff's allegations supporting harassment or retaliation claims.")).

Defendant's approach to analyzing Plaintiff's disparate treatment claim is the correct one under binding Tenth Circuit precedent. Under the law in *this* Circuit, each one of Plaintiff's alleged

adverse personnel actions is "its own 'unlawful employment practice.'" *See Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). The Court must, therefore, view each alleged adverse personnel action to determine whether it constitutes an unlawful employment practice for which Defendant may be liable.

Because Plaintiff wholly fails to properly analyze her disparate treatment claim, Defendant will not unnecessarily repeat himself here. Defendant incorporates the arguments made in his opening memorandum. (Doc. 10, pgs. 10-17). For the reasons stated therein, Plaintiff has not suffered an adverse personnel action. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

**IV.     Plaintiff has not stated a plausible claim for hostile work environment.**

Title VII only prohibits harassment that is "based [on a protected category] and "severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive." *Bryant v. Neb. Furniture Mart*, 2021 WL 259294, at *7-8 (D. Kan. 2021) (citations omitted). The well-pleaded facts contained in Plaintiff's Complaint fall far short of this standard.

> **A.     *Plaintiff has not presented any well-pleaded facts (as opposed to legal conclusions and conclusory statements) that might support an inference of racial animus.***

A racially hostile work environment claim under Title VII may not be based on general physical, mental, or emotional hostility experienced by a worker while on the job. The linchpin of a proper racially hostile work environment claim is that the hostility is motivated by race. *Brown v. Laferry's LP Gas Co.*, 708 F. App'x 518, 522 (10th Cir. 2017) (finding that "the conduct that allegedly created [the hostile work] environment must be racial or motivated by racial animus."). In order to plead a plausible claim for a racially hostile work environment, "[a] plaintiff must show

more than a few isolated incidents of racial enmity or sporadic racial slurs. Instead, a plaintiff must show a steady barrage of opprobrious racial comments." *Bryant*, 2021 WL 259294, at \*7 (citations and quotations omitted).

Here, Plaintiff alleges "no *facts* that her supervisors or co-workers insulted or ridiculed her due to [a protected class]", or that any of her protected classes were "negatively commented on by anyone in her work environment." *Olonovich v. FMR-L.L.C. Fid. Invs.*, No. CV 15-599 SCY/WPL, 2016 WL 9777193, at \*7 (D.N.M. June 21, 2016) (emphasis added). Indeed, the well-pleaded facts relied upon by Plaintiff are entirely facially race-neutral. Although "facially race-neutral workplace misconduct can play a role in engendering a racially hostile work environment, *it is not sufficient standing alone*." *Young v. City of Idabel*, 721 F. App'x 789, 800 (10th Cir. 2018) (emphasis added). Accordingly, Plaintiff simply has not alleged any well-pleaded facts plausibly supporting an inference that the alleged hostile work environment events had anything to do with her race.

Plaintiff does attempt to remedy this obvious deficiency by arguing, *in her brief only*, that Ms. Duda mishandled "an incident of racially inappropriate language" used by another employee. (Doc. 20, pg. 17). The Court should not consider this newly asserted allegation as it is noticeably absent from Plaintiff's Complaint. But Defendant must address Plaintiff's misleading statement so that the Court is not left with the wrong impression of this case. The event Plaintiff belatedly presents relates to an *African American* employee using a racially inappropriate phrase regarding another African American employee. Ms. Duda was not familiar with phrase and did not recognize it to be problematic, so she did not counsel that employee against using the phrase or take any other remedial action. Moreover, Plaintiff did not experience this event as a part of *her* hostile work environment as it occurred in early 2021, which was almost a year after she transferred to

another VA medical center. Again, however, none of these facts (including Plaintiff's allegation) appear on the face of the Complaint and should not be considered in deciding Defendant's motion to dismiss.

Accordingly, Plaintiff has not alleged facts sufficient to support an inference of racial animus. Without this "linchpin," her hostile work environment claim necessarily fails and Defendant is entitled to dismissal.

### B. *The conduct about which Plaintiff complains is not the type of "extreme" conduct necessary to plausibly state a claim of a hostile work environment.*

When judging hostility, the court must ensure that it does not turn Title VII into a "general civility code." *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015) (citation omitted). Instead, as the Supreme Court has made clear, the alleged conduct "must be extreme to amount to a change in the terms and conditions of employment." *See Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998). Thus, a plaintiff "may not predicate a hostile work environment claim on 'the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces.'" *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015) (citation omitted). Where a plaintiff fails to allege facts that are sufficiently severe and pervasive, dismissal is appropriate. *Bryant*, 2021 WL 259294, at *8; *Willard,* Case No. 2:21-cv-02538, Doc. 27, pgs. 7-8 (D. Kan. July 19, 2022).

Here, Plaintiff alleges in conclusory fashion that "dismissive and degrading behavior occurred" from unidentified actors "continuously," that she observed other African American employees being treated poorly by unidentified actors, that her workload increased, that she did not receive the particular training that she wanted, and that her authority was "usurp[ed]." (Doc. 20, pg. 18). Plaintiff also alleges in a general fashion her job became impossible to perform and she was forced to transfer. (*Id*.).

12

Plaintiff's allegations are insufficient to survive dismissal. First, they are conclusory statements and legal conclusions, which are insufficient to overcome a motion to dismiss. *See supra*, pg. 3. Second, they are precisely the type of general workplace grievances that courts routinely reject. *See, e.g., Trujillo v. Univ. of Colo. Health Scis. Ctr.,* 157 F.3d 1211, 1214 (10th Cir. 1998) ("a work environment that exhibits the monitoring and job stress typical of life in the real world" does not create a hostile work environment); *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-16 (4th Cir. 2008) ("[C]allous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable under Title VII.") (citations omitted). And finally, Plaintiff fails to allege any "overtly racial comment[s] or remark[s] that might constitute severe and pervasive harassment." *Bryant*, 2021 WL 259294, at *9. Without such allegations, no hostile work environment exists. *Id*. (citing cases).

Accordingly, Plaintiff's hostile work environment claim is still subject to dismissal for failure to state a claim upon which relief may be granted because the alleged conduct was neither severe nor pervasive.

## V. Plaintiff has not stated a plausible claim for retaliation.

### A. *Plaintiff does not contest that she failed to exhaust several retaliation claims.*

In his opening memorandum, Defendant argued that Plaintiff failed to administratively exhaust her claims that Defendant retaliated against her by (1) giving her "a lowered performance appraisal," (2) causing her to be constructively discharged, and (3) providing some unidentified discipline for some unidentified matters. (Doc. 10, pg. 22-21). Plaintiff does not contest this issue in her response. *See* (Doc. 20, pgs. 18-20). Therefore, Defendant respectfully requests that the Court dismiss those claims as independent bases for Plaintiff's retaliation claim.

**B.**     ***Principles of linear time preclude Plaintiff's claim that she was denied training in retaliation for her protected activity.***

"An action in the past can't be caused by an action that has not yet occurred." *Willard*, Case No. 2:21-cv-02538, Doc. 27, pg. 9 (D. Kan. July 19, 2022).  In this case, Plaintiff has alleged that she was denied training between January 28, 2019 and January 4, 2020. (Doc. 1, ¶12(a)(ii)). But as Plaintiff admits in her response, her alleged protected activity did not occur until January 24, 2020. (Doc. 20, pg. 19).[4]  Therefore, Plaintiff's claim that she was denied training based on a yet to occur protected activity fails as a matter of law and should be dismissed as an independent basis for Plaintiff's retaliation claim.

**C.**     ***Plaintiff's catch-all "other events" are not materially adverse actions.***

Plaintiff, again, merely regurgitates the supposedly retaliatory actions listed in her Complaint and proclaims them to be materially adverse actions without engaging in any legal or factual analysis. (Doc. 20, pgs. 18-20).  Plaintiff makes no attempt to explain why her listed complaints are anything more than trivial harms, petty slights, or minor annoyances.  Plaintiff makes no attempt to engage with the case law provided by Defendant establishing that being yelled at and having instructions countermanded are not materially adverse actions. *See* (Doc. 10, pgs. 24-25).  Plaintiff makes no attempt to explain how her allegedly increased workload in this case constitutes more than a "mere inconvenience or alteration of responsibilities." *See* (Doc. 10, pgs. 25-26).  And Plaintiff makes no attempt to refute Defendant's argument that Plaintiff was never threatened with removal. *See* (Doc. 10, pg. 26).

As Defendant argued in his opening memorandum, Plaintiff's allegations do not support a plausible inference of retaliation based upon a protected activity because the events are not

---

[4] Plaintiff indicated that the protected activity occurred on January 24, 2019.  But the context makes clear that this was an apparent typo.

materially adverse employment actions. Instead, they are precisely the type of trivial harms and

minor annoyances that Court's routinely reject as insufficient to state a claim. *See, e.g.*, *Keller v.*

*Crown Cork & Seal USA, Inc.*, 491 F. App'x 908, 914 (10th Cir. 2012) (finding general complaints

"about strict application of policies, increased supervision, write-ups, means and methods of

communication with her supervisors, and restrictions on her employment relationships . . . are in

the nature of ordinary workplace tribulations; they do not rise to materially adverse actions

sufficient to support a claim of retaliation"). Thus, this Court should dismiss Plaintiff's retaliation

claim for failure to state a claim upon which relief may be granted.

> D. ***Even if Plaintiff had alleged a materially adverse employment action, she has not alleged any facts plausible supporting any causal connection between her protected activity and any action.***

In his opening memorandum, Defendant observed that Plaintiff has not alleged any facts

plausibly suggesting that Ms. Duda had any knowledge of Plaintiff's alleged protected activity.

For example, Plaintiff has not alleged facts identifying the individuals to whom she allegedly made

her complaint, the date on which she made her complaint, or when the supposed retaliatory actions

occurred in relation to her protected activity. (Doc. 10, pgs. 26-28).

In her response, Plaintiff argues that "temporal proximity" alone establishes causation

because Ms. Duda's "anger was in full conflagration" following the alleged protected activity.

(Doc. 20, pg. 20). But Plaintiff's argument ignores the obvious issue. She has not alleged *in her*

*Complaint* any facts that might support an inference that Ms. Duda had any knowledge of the

purported complaint. Only belatedly in her response does she identify to whom she made her

complaint and the date on which she allegedly made the complaint. But outside of those bare

unpled facts, Plaintiff provides nothing more than pure speculation that Ms. Duda had knowledge

that Plaintiff had made a complaint. Knowledge of the protected activity, of course, is the

cornerstone of a retaliation claim. *See Davis v. BAE Sys. Tech. Sols. & Servs. Inc.*, 764 F. App'x

741, 747 (10th Cir. 2019) (affirming dismissal of an action where the plaintiff "did not allege any facts plausibly suggesting [the alleged retaliator] knew [of the protected activity.]"); *see also Ostler v. Anderson*, 200 F. App'x 750, 752 (10th Cir. 2006) (affirming dismissal where the plaintiff "fail[ed] to aver any facts indicating [the defendant's] knowledge of his [protected activity].").

Here, Plaintiff has not alleged any well-pleaded facts that would support the inference of knowledge or a causal connection between her allegedly protected activity and any materially adverse action. Thus, the Court should dismiss Plaintiff's retaliation claim for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated in Defendant's opening memorandum and above, the United States respectfully requests that the Court dismiss this action for failure to state a claim upon which relief may be granted.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

/s/ Brian E. Vanorsby
Brian E. Vanorsby, KS #27606
Assistant United States Attorney
United States Attorney's Office
District of Kansas
1200 Epic Center
301 N. Main | Wichita, Kansas 67202
Office: 316.269.6103
Fax: 316.269.6484
brian.vanorsby@usdoj.gov
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I further certify that on August 24, 2022, I electronically filed the foregoing document

with the clerk of the court by using the CM/ECF system which will send a notice of electronic

filing to the following:

Rebecca M. Randles
RANDLES MATA, LLC
851 NW 45th Street, Suite 310
Kansas City, MO 64116
*Attorney for Plaintiff*

/s/ Brian E. Vanorsby
Brian E. Vanorsby
Assistant United States Attorney