# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DASHAUN MCCRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 2:22-cv-02154-DDC-ADM |
| DENIS McDONOUGH, in his | ) |
| capacity as Secretary of the Department of | ) |
| Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER

COMES NOW The United States, on behalf of Denis McDonough, Secretary of the Department of Veterans Affairs, by and through Duston J. Slinkard, United States Attorney for the District of Kansas, and Brian E. Vanorsby, Assistant United States Attorney, and for his Answer to Plaintiff's Complaint states as follows:

1. Pursuant to Fed. R. Civ. P. 8(b), Defendant denies all allegations, characterizations, arguments, and conclusions contained in the Complaint unless specifically admitted herein.

2. Defendant denies the allegations contained in paragraph 1 of the Complaint.

3. Defendant admits that the Court has jurisdiction under 28 U.S.C. § 1331 to hear claims by federal employees arising under Title VII of the Civil Rights Act of 1964.

4. As to the allegations contained in paragraph 3 of the Complaint, Defendant admits Plaintiff was employed by the Defendant in Wichita, Kansas, and that venue is proper in this Court pursuant to 28 U.S.C. § 1391. However, Defendant denies it engaged in any of the unlawful employment practices alleged as to Plaintiff in the Complaint.

5. As to the allegations contained in paragraph 4 of the Complaint, Defendant admits that Plaintiff is a black female. Defendant lacks sufficient information to form a belief as to the truth regarding Plaintiff's place of residence and therefore denies the same. All other allegations are denied.

6. Defendant admits the allegations contained in paragraph 5 of the Complaint.

7. As to the allegations contained in paragraph 6 of the Complaint, Defendant admits that Plaintiff began her employment in December of 2015. Defendant denies that Plaintiff was "promoted" in February of 2019.

8. As to the allegations contained in paragraph 7 of the Complaint, Defendant admits that Plaintiff remains employed by Defendant. Defendant lacks sufficient information to form a belief as to the truth of the allegation that Plaintiff is in "good standing" as the meaning of that term is unclear. Therefore, Defendant denies the same.

9. As to the allegations contained in paragraph 8 of the Complaint, Defendant admits that Ruth Duda became Plaintiff's first-line supervisor when she was reassigned to the Nurse Manager position. All other allegations are denied.

10. The statement contained in paragraph 9 of the Complaint is a legal conclusion requiring no answer. To the extent necessary, however, Defendant denies the statement contained in paragraph 9 of the Complaint.

11. Defendant denies the allegations contained in paragraph 10 of the Complaint.

12. As to the allegations contained in paragraph 11 of the Complaint, Defendant admits that Plaintiff engaged in the EEO process at some point in time. All other allegations are denied.

13. As to the allegations contained in paragraph 12 and its subparts of the Complaint, Defendant admits that certain claims were accepted for investigation during the EEO process. All other allegations are denied.

14. Defendant denies the allegations contained in paragraph 13 of the Complaint.

15. Defendant denies the allegations contained in paragraph 14 of the Complaint.

16. Defendant denies the allegations contained in paragraph 15 of the Complaint.

17. Defendant denies the allegations contained in paragraph 16 of the Complaint as Ms. Duda did not have employees. Defendant also denies the allegation contained in paragraph 16 on the basis that he lacks sufficient information to form a belief as to the truth of the allegations.

18. Defendant denies the allegations contained in paragraph 17 of the Complaint.

19. Defendant denies the allegations contained in paragraph 18 of the Complaint.

20. Defendant denies the allegations contained in paragraph 19 of the Complaint.

21. Defendant denies the allegations contained in paragraph 20 of the Complaint.

22. Defendant denies the allegations contained in paragraph 21 of the Complaint.

23. Defendant denies the allegations contained in paragraph 22 of the Complaint.

24. Defendant denies the allegations contained in paragraph 23 of the Complaint.

25. Defendant denies the allegations contained in paragraph 24 of the Complaint.

26. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies the same.

27. Defendant denies the allegations contained in paragraph 26 of the Complaint.

28. Defendant denies the allegations contained in paragraph 27 of the Complaint. Defendant also affirmatively states that Plaintiff has abandoned her claims for lost wages and for all claims of emotional distress, except for "garden variety" emotional distress.

29. Defendant incorporates by reference the above responses to the allegations contained in the Complaint.

30. Defendant admits the allegations contained in paragraph 29 of the Complaint.

31. As to the allegations contained in paragraph 30 of the Complaint, Defendant admits that Plaintiff was qualified for the position she held at the Wichita VA. Defendant lacks sufficient information to form a belief as to the truth of the allegation that Plaintiff met her employer's "legitimate performance expectations" as the meaning of that term is unclear. Therefore, Defendant denies the same.

32. Defendant denies the allegations contained in paragraph 31 of the Complaint, including all subparts. Defendant further states that the allegations contained in subparagraphs c and d have been dismissed pursuant to the Court's Memorandum and Order granting Defendant's Motion to Dismiss in part. *See* (Doc. 51, pgs. 11-12).

33. Defendant denies the allegations contained in paragraph 32 of the Complaint.

34. Defendant denies the allegations contained in paragraph 33 of the Complaint. Defendant also affirmatively states that Plaintiff has abandoned her claims for lost wages and for all claims of emotional distress, except for "garden variety" emotional distress.

35. Defendant incorporates by reference the above responses to the allegations contained in the Complaint.

36. This claim has been dismissed pursuant to the Court's Memorandum and Order dated January 12, 2023. To the extent an answer is required, Defendant denies the allegations contained in paragraph 35 of the Complaint, including all subparts.

37. This claim has been dismissed pursuant to the Court's Memorandum and Order dated January 12, 2023. Defendant denies the allegations contained in paragraph 36 of the Complaint.

38. Defendant incorporates by reference the above responses to the allegations contained in the Complaint.

39. Defendant denies the allegations contained in paragraph 38 of the Complaint.

40. Defendant denies the allegations contained in paragraph 39 of the Complaint.

41. Defendant denies the allegations contained in paragraph 40 of the Complaint, including all subparts. Moreover, Plaintiff's constructive discharge allegation contained in subparagraph c, which is a separate and distinct claim under the law, has been dismissed pursuant to the Court's Memorandum and Order dated January 12, 2023 and cannot serve as a basis for Plaintiff's retaliation claim.

42. Defendant denies the allegations contained in paragraph 41 of the Complaint.

43. Defendant denies the allegations contained in paragraph 42 of the Complaint. Defendant also affirmatively states that Plaintiff has abandoned her claims for lost wages and for all claims of emotional distress, except for "garden variety" emotional distress.

44. Defendant incorporates by reference the above responses to the allegations contained in the Complaint.

45. This claim has been dismissed pursuant to the Court's Memorandum and Order dated January 12, 2023. To the extent an answer is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

46. This claim has been dismissed pursuant to the Court's Memorandum and Order dated January 12, 2023. To the extent an answer is required, Defendant denies the allegations contained in paragraph 45 of the Complaint.

47. This claim has been dismissed pursuant to the Court's Memorandum and Order dated January 12, 2023. To the extent an answer is required, Defendant denies the allegations contained in paragraph 46 of the Complaint.

48. This claim has been dismissed pursuant to the Court's Memorandum and Order dated January 12, 2023. To the extent an answer is required, Defendant denies the allegations contained in paragraph 47 of the Complaint.

49. This claim has been dismissed pursuant to the Court's Memorandum and Order dated January 12, 2023. To the extent an answer is required, Defendant denies the allegations contained in paragraph 48 of the Complaint.

**Affirmative Defenses**

50. Plaintiff has failed to state a claim upon which relief may be granted.

51. Plaintiff has failed to exhaust administrative remedies and/or procedural requirements as to some of her claims.

52. Some of Plaintiff's claims are barred by the applicable statute of limitations.

53. Plaintiff was not discharged, constructively or otherwise.

54. Plaintiff cannot establish a prima facie case as to any of her claims.

55. Any employment actions taken by Defendant with respect to Plaintiff were for legitimate, non-discriminatory, non-retaliatory reasons and did not violate Title VII.

56. Plaintiff did not suffer any adverse personnel action or adverse employment action.

57. Plaintiff did not suffer any materially adverse employment action.

58. Plaintiff cannot establish a causal connection between her alleged protected conduct and any adverse personnel action or any materially adverse action.

59. Plaintiff was not subjected to a hostile work environment.

60. The allegations complained of are neither severe nor pervasive and do not constitute unlawful discrimination, harassment, or retaliation.

61. Defendant has not engaged in unlawful, intentional, willful or wanton discrimination, or retaliation with malice or reckless indifference with respect to Plaintiff, and Plaintiff is not entitled to any damages of any nature, legal or equitable.

62. To the extent that Plaintiff suffered any of the damages alleged in the Complaint, Plaintiff is not entitled to recover the same because of, or to the extent that, Plaintiff failed to mitigate damages.

63. To the extent Plaintiff claims that her race or protected conduct was a motivating factor in any employment decisions or any treatment of Plaintiff (which Defendant expressly denies), Defendant would have made the same employment decisions and engaged in the same treatment of Plaintiff regardless of her race or protected conduct.

64. No impermissible factors played any role in Defendant's employment decisions or treatment of Plaintiff. Specifically, race and protected conduct did not play a role in any of Defendant's employment decisions or treatment of Plaintiff at issue in this case.

65. Defendant's actions were based upon legitimate business reasons and managerial needs, and lawful principles of personnel management.

66. Defendant's actions were taken in full compliance with statutory and regulatory requirements.

67. Defendant's actions were based upon nondiscriminatory reasons, and those reasons were not a pretext for unlawful discrimination.

68. Insofar as Plaintiff sustained any injuries as alleged in the Complaint, such injuries were not caused by an act or omission of an agent, employee, or representative of the United States of America.

69. Plaintiff cannot be awarded punitive damages against the Defendant because the Department of Veterans Affairs is a federal government agency.

70. Plaintiff has no entitlement to back pay, front pay, lost earning capacity, lost benefits, past or future pecuniary, or similar damages.

71. Defendant is entitled to an offset and/or reduction relating to Plaintiff's damages, if any.

72. Plaintiff's claims for damages are subject to statutory caps under Title VII.

73. Plaintiff's claims for damages are barred to the extent they are speculative in nature.

74. Defendant reserves the right to amend this answer with additional defenses of which he may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, having fully answered, Defendant prays that Plaintiff take nothing by reason of her claims and that the Court enter judgment in favor of Defendant and against Plaintiff, for the costs of this action, and for such other and further relief which the Court deems just and proper.

## **PLACE OF TRIAL**

Pursuant to D. Kan. Rule 40.2(d), Defendant requests that any trial held in this matter take place in Wichita, Kansas.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney
District of Kansas

/s/ Brian E. Vanorsby
Brian E. Vanorsby, KS #27606
Assistant United States Attorney
United States Attorney's Office
District of Kansas
1200 Epic Center
301 N. Main | Wichita, Kansas 67202
Office: 316.269.6103
Fax: 316.269.6484
brian.vanorsby@usdoj.gov
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I further certify that on January 17, 2023, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Brian E. Vanorsby
Brian E. Vanorsby
Assistant United States Attorney