## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DASHAUN MCCRAY,**

        **Plaintiff,**

**v.**                                                       **Case No. 22-2154-DDC-ADM**

**DENIS MCDONOUGH, M.D., in his
capacity as Secretary of the Department
of Veterans Affairs,**

        **Defendant.**

_____

### <u>MEMORANDUM AND ORDER</u>

This Order address three motions filed by plaintiff DaShaun McCray:  (1) a Motion to Reconsider (Doc. 60), (2) a Motion to File *In Stanter* (Doc. 61), and (3) a Motion to Amend or Alter Order Granting In Part Defendant's Motion to Dismiss (Doc. 66).

### I.      Motion to File *In Stanter* (Doc. 61)

The second motion seeks leave to file the first motion out of time.  Plaintiff asks the court to reconsider its January 12, 2023 Memorandum and Order (Doc. 51).  Plaintiff recognizes that D. Kan. Rule 7.3 requires a party to file a motion to reconsider "within 14 days after the order is served unless the court extends the time."  Thus, plaintiff's Motion to Reconsider was due on or before January 26, 2023.  But plaintiff filed the Motion to Reconsider one day late—on January 27, 2023.  Doc. 60.  Plaintiff asserts that she missed the deadline because her counsel's time was consumed with trial preparation in another case.  The court finds that plaintiff's failure to file the motion in a timely fashion is due to excusable neglect.  And it finds good cause to grant plaintiff's request to file the motion one day out of time.

## II.      Motion to Reconsider (Doc. 60)

The court now turns the merits of plaintiff's first-filed motion—the Motion to Reconsider.  Plaintiff's one page motion asks the court to reconsider its ruling on defendant's Motion to Dismiss because plaintiff contends she can correct "the infirmities found in the original complaint . . . through the amendment of the complaint to add additional facts."  Doc. 60 at 1.  Plaintiff says she seeks leave to amend to "add specific incidents of harassment and discrimination to her complaint."  *Id.*  Our local rule requires that a "motion to reconsider must be based on:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3.  Plaintiff neither cites this standard nor explains how her Motion to Reconsider is based on any of the three reasons established by the local rule.[1]  Because plaintiff utterly has failed to show a reason for the court to reconsider its Order deciding defendant's Motion to Dismiss, the court denies her Motion for Reconsideration.

## III.      Motion to Amend or Alter (Doc. 66)

 Almost two weeks after filing the Motion to Reconsider, plaintiff filed a Motion to Amend or Alter Order Granting In Part Defendant's Motion to Dismiss (Doc. 66).  The motion

---

[1]      Plaintiff's Motion to Reconsider hasn't argued that the facts she seeks to add to an Amended Complaint are based on the "availability of new evidence" under D. Kan. Rule 7.3(2).  And the court doesn't understand how she could.  Plaintiff's Complaint alleges that, in 2020, she "was constructively discharged from her employment with the Wichita VA and forced to transfer to Aurora, Colorado."  Doc. 1 at 5 (Compl. ¶ 23).  So, any additional facts about alleged harassment or discrimination that plaintiff experienced necessarily occurred before 2020, plaintiff must have known these purportedly "new" facts when she filed her Complaint in 2022, and these facts wouldn't qualify as "new evidence."

Plaintiff's Motion to Amend or Alter discusses facts that have come to light during discovery in a "sister case" involving a "black counterpart" at work.  Doc. 66 at 2, 7.  Plaintiff provides no information about the timing of the discovery of these facts—*i.e.*, whether discovery occurred in the last 28 days since the court had issued its Order granting in part the Motion to Dismiss.  Also, while plaintiff asserts that both employees endured similar discrimination at work, plaintiff doesn't explain how the facts about the coworker qualify as "new evidence" that would support plaintiff's own claim based on a racially hostile work environment.

invokes Fed. R. Civ. P. 59(e).  Doc. 66 at 8.  That motion requires a party to file a "motion to alter or amend judgment . . . no later than 28 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  That rule doesn't apply here because the court hasn't entered a judgment in the case.  Thus, there is no judgment to alter or amend.  *See Ferluga v. Eickhoff*, 236 F.R.D. 546, 548 (D. Kan. 2006) (refusing to construe motion "as one to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure . . . because no judgment has been entered in this case").

To the extent the court should construe the Motion to Amend or Alter as a Motion to Reconsider under D. Kan Rule 7.3, it's untimely under that rule.  It was filed 28 days after the court's Order granting in part defendant's Motion to Dismiss.  But the local rule requires a party to file a motion to reconsider "within 14 days after the order is served unless the court extends the time."  D. Kan. Rule 7.3.  And, even if timely, plaintiff's motion doesn't satisfy the requirements of the local Rule (which are the same standards governing a Rule 59(e) motion).  As already discussed, D. Kan. Rule 7.3 provides that a "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3; *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing these same three grounds for a Rule 59(e) motion).  Plaintiff appears to argue the third ground for granting a motion to reconsider.  She asserts, albeit in a purely conclusory fashion:  "[M]anifest injustice has been done to Plaintiff and as the Honorable Court has erred in its application of law and understanding of facts[.]"  Doc. 66 at 8.[2]  But plaintiff doesn't explain how the court misapprehended the law and facts in its Order on the Motion to Dismiss.  Instead, she provides additional facts—through

---

[2]     Plaintiff also "requests oral argument on" the Motion to Alter or Amend.  Doc. 66 at 8.  Our local rule, D. Kan. Rule 7.2, gives the court discretion to "set any motion for oral argument or hearing at the request of a party or on its own initiative."  The court denies the request for oral argument.  Oral argument isn't necessary or consistent with Fed. R. Civ. P. 1.

proposed amendments—that, she contends, support a hostile work environment claim.  Plaintiff never presented these facts to the court on the Motion to Dismiss, and she doesn't explain adequately why she's waited to do so until now.  Thus, plaintiff hasn't shown that the court's Order was "clear error" or a "manifest injustice."

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Reconsider (Doc. 60) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion to File *In Stanter* (Doc. 61) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion to Amend or Alter Order Granting In Part Defendant's Motion to Dismiss (Doc. 66) is denied.

**IT IS SO ORDERED.**

**Dated this 14th day of February, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
