## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DASHAUN MCCRAY,**

    **Plaintiff,**

**v.**

**DENIS MCDONOUGH, M.D., in his
capacity as Secretary of the Department
of Veterans Affairs,**

    **Defendant.**

**Case No. 22-2154-DDC-ADM**

---

## <u>MEMORANDUM AND ORDER</u>

Plaintiff DaShaun McCray brings this action against defendant Denis McDonough, in his official capacity as Secretary of the Department of Veterans Affairs. She alleges racial discrimination and retaliation claims violating Title VII of the Civil Rights Act of 1964. Doc. 1. On January 12, 2023, the court issued an Order (Doc. 51) granting in part and denying in part defendant's Motion to Dismiss (Doc. 9). In its Order, the court dismissed plaintiff's hostile work environment and constructive discharge claims with prejudice. Doc. 51 at 21. Fifteen days later, plaintiff filed a "Motion to Amend Petition" (Doc. 59),[1] requesting "to add facts regarding her allegations of discrimination, including specific incidents that occurred and that were fully investigated by the EEO." Doc. 59 at 1. Plaintiff also filed a Motion to Reconsider (Doc. 60) and a Motion to Amend or Alter Order Granting In Part Defendant's Motion to Dismiss (Doc. 66), both of which the court subsequently denied (Doc. 67). Defendant filed a Response (Doc. 71) to plaintiff's pending amendment motion, so the issue is fully briefed.

---

[1]   The court construes plaintiff's request to amend her "Petition" as a request to amend her Complaint (Doc. 1).

## I.      Legal Standard

A party can "amend its pleading once as a matter of course" as long as it does so within 21 days of serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Outside that provision, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  When a party seeks leave to file an amended complaint after the scheduling order's deadline for amending pleadings has expired, the "party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."  *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  The court need not reach the Rule 15(a) analysis if it first concludes there's no good cause under Rule 16 to modify the scheduling order.  *Id.* at 1241.

Rule 16(b)(4) provides:  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  To meet the "good cause" requirement of Rule 16(b)(4), a movant must show she could not have met the scheduling order deadline to amend the pleadings despite "diligent efforts."  *Gorsuch*, 771 F.3d at 1240 (quotation cleaned up). Ultimately, the decision to modify a scheduling order is within the court's sound discretion. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

The rules advise that the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But the court retains discretion to "deny leave to amend upon 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"  *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

The decision whether to grant leave to amend is also committed to the court's sound discretion.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)).  When exercising this discretion, "the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."  *Bank Midwest, N.A. v. Millard*, No. 10-2387-JAR-DJW, 2012 WL 4006423, at *1 (D. Kan. Sept. 12, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).  Also, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  As this court and other federal courts have explained, time and again, "'[t]his discretionary approach of the federal rules fosters a full adjudication of the merits of the parties' disputes within a single comprehensive proceeding.'"  *First Savings Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 368 (D. Kan. 1998) (quoting *Katzman v. Sessions*, 156 F.R.D. 35, 38 (E.D.N.Y. 1994)).  The purpose of Rule 15 is to "'promote as complete an adjudication of the dispute between the parties as is possible.'"  *Id.* (quoting *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986)).

## II.    Analysis

Defendant argues that the court should deny plaintiff's motion because she failed to provide "good cause" under Rule 16(b)(4) and because plaintiff unduly delayed seeking leave to amend.[2]  In contrast, plaintiff contends that her "Motion to Amend is in the interest of justice and does not prejudice either party."  Doc. 59 at 2 (Pl.'s Mot. Amend Pet. ¶ 8).

---

[2]    Defendant also argues the futility of plaintiff's proposed amendments.  Doc. 71 at 4–7.  The court concludes it doesn't need to reach this question because of plaintiff's undue delay in moving to amend. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (recognizing our Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party

### A.  Good Cause

The Scheduling Order set the deadline for filing a motion to amend as December 14, 2022.  Doc. 36 at 2.  Plaintiff asserts that "the Motion to Amend is being filed prior to the Case Management Order's deadline on Amendments to pleadings."  Doc. 59 at 2 (Pl.'s Mot. Amend Pet. ¶ 4).  It wasn't.  Plaintiff filed her Motion to Amend on January 27, 2023, more than a month after the deadline.  *See generally* Doc. 59.  Thus, the court must consent to modifying the scheduling order for plaintiff to file her Amended Complaint.  Fed. R. Civ. P. 16(b)(4).

The good cause requirement "obligates the moving party to provide an adequate explanation for any delay."  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quotation cleaned up).  "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."  *Id.* (quotation cleaned up).  The "good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed."  *Gorsuch*, 771 F.3d at 1240.

Defendant argues that plaintiff "utterly fails to establish or even suggest that good cause exists under Fed. R. Civ. P. 16(b)(4)."  Doc. 71 at 3.  Indeed, plaintiff never mentions Rule 16(b)(4) or its requirements.  For her part, plaintiff generally invokes "the policy which favors resolution of claims on the merits rather than on procedural grounds," but doesn't list any reasons why the court should modify the Scheduling Order to allow her untimely motion for leave to amend.  Doc. 59 at 2 (Pl.'s Mot. Amend Pet. ¶ 6).  Because plaintiff doesn't attempt to satisfy her obligation to explain adequately her delay in seeking leave to amend, she fails to meet

---

filing the motion has no adequate explanation for the delay" (quotation cleaned up)).  Thus, the court doesn't address the additional arguments against amendment.

the requirements of Rule 16(b)(4).  Thus, the court declines to modify the Scheduling Order to permit plaintiff's motion.

### B.  Undue Delay

Even if the court determined plaintiff had established good cause for filing her motion after the deadline, defendant argues, she unduly delayed filing her motion and provides no adequate reason for doing so.  For the reasons identified below, the court agrees that the information plaintiff seeks to add in her Complaint isn't newly discovered.  Thus, she created undue delay in bringing her motion, rendering the motion untimely.

The court can deny leave to amend when the movant does not have an adequate explanation for undue delay.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). If the movant knew for some time about the facts which she seeks to plead in the putative amendment, the court may deny her request for leave to amend.  *Id.* at 1205–06.  The longer a plaintiff delays, the more likely it is a court will deny leave.  *Id.* at 1205; *see also Steinert v. The Winn Grp., Inc.*, 190 F.R.D. 680, 684 (D. Kan. 2000) ("'Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay.'") (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995)).

Plaintiff neglected multiple points during the present litigation to amend her Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1).  She filed her original Complaint (Doc. 1) with the court on April 22, 2022.  She then had until May 13, 2022 to amend her Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(A).  She failed to do so.  Defendant then filed his Motion to Dismiss (Doc. 9) under Fed. R. Civ. P. 12(b)(6) on June 28, 2022.  That filing gave plaintiff until July 19, 2022 to amend her Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B).  Defendant's motion also put plaintiff on notice of factual deficiencies in her

Complaint. Yet, she again failed to file an amended pleading as a matter of course. Instead, plaintiff waited until after the court issued its Order granting partial dismissal (Doc. 51) in January 2023. This was about seven months after filing her initial Complaint.

Plaintiff contends that the amendment would "add facts regarding her allegations of discrimination, including specific incidents that occurred and that were fully investigated by the EEO." Doc. 59 at 1. She reasons that these additions are necessary since defendant's dismissal motion "argued that [p]laintiff's [Complaint] contains a paucity of facts[,]" which plaintiff seeks to add through her Amended Complaint. *Id.* (Pl.'s Mot. Amend Pet. ¶ 2). But plaintiff never explains why she didn't include these facts in her original Complaint, or file an amended complaint as a matter of course to include these facts after defendant filed his Motion to Dismiss. Because plaintiff alleges she experienced the alleged harassment during her employment with defendant, she already must have known the details of specific incidents, both when she filed her Complaint and during any of the periods when she could have amended it without leave. And plaintiff also discusses the EEO investigation throughout both her Complaint (Doc. 1) and Response (Doc. 20) to defendant's motion, so she already must have known the details of that process as well.[3]

In sum, plaintiff's motion is untimely and she delayed filing it unduly. *See Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 61 (1st Cir. 2018) (condemning a "wait and see" approach where a plaintiff "having the needed information, deliberately wait[s] in the wings"

---

[3]     Plaintiff asserts that her amendment seeks "to add facts that were adduced during the course of the EEO investigation in this matter[.]" Doc. 59 at 1. But she doesn't identify when she received the investigation documents from the EEOC. If she experienced a delay in receiving the documents, plaintiff doesn't say so. Defendant notes that plaintiff "was aware of the alleged facts underlying the proposed amendment since at least the underlying EEO investigation, which necessarily concluded prior to the initiation of this lawsuit." Doc. 71 at 3–4. Because plaintiff doesn't identify when she received the investigation documents, and since she references the investigation and materials created from it in her Complaint and Response, the court concludes she possessed these facts when she filed her lawsuit.

until the court issues a ruling on the first complaint (citation and internal quotation marks omitted)).  Based on such undue delay, the court may exercise its discretion to deny plaintiff's motion under Rule 15(a)(2).  *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (recognizing our Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." (quotation cleaned up)).  Plaintiff fails to explain her significant delay in moving for leave to amend her Complaint, or why she could not have added these additional facts by an earlier amendment.  So, the court denies plaintiff's "Motion to Amend" because her undue and unexplained delay renders her motion untimely.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Amend Petition (Doc. 59) is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of April, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**