IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DASHAUN MCCRAY,

                    **Plaintiff**,

v.

DENIS MCDONOUGH, in his capacity as Secretary of the Department of Veterans Affairs,

                    **Defendant**.

Case No. 22-2154-DDC

## MEMORANDUM AND ORDER

Plaintiff has made a hash out of this case's schedule. First, plaintiff failed to respond to defendant's Motion for Summary Judgment (Doc. 119). After defendant asked the court to consider his motion uncontested, Doc. 122, plaintiff sought and received a series of extensions of her deadline to respond to defendant's motion.[1] When the third extension deadline—November 3, 2023—arrived, plaintiff missed it as well. Technical shortcomings delayed plaintiff's submission until the early morning hours of November 4, 2023, when plaintiff submitted her response (and supporting materials) in an email message sent to the Clerk of the Court. And then, when all was said and done, plaintiff submitted a non-compliant brief.

Specifically, plaintiff filed a 90-page Response (Doc. 133)—more than twice the length permitted by our governing rule, D. Kan. Rule 7.1(d)(2). Plaintiff's counsel had every reason to

---

[1] *See* Doc. 123 (asking for an extension of time, filed seven days *after* plaintiff's response was due, and granted in Doc. 124 to extend plaintiff's response deadline by 14 days to October 20, 2023); Doc. 125 (asking to extend plaintiff's response deadline by another seven days to October 27, 2023 and granted in Doc. 126); Doc. 127 (asking to extend plaintiff's response deadline to November 6, 2023 and granted in part in Doc. 128, extending plaintiff's response deadline to November 3, 2023).

know what the local rule permitted. Defendant had filed a timely motion requesting 10 additional pages of briefing to support its forthcoming motion for summary judgment. Doc. 116. Defendant's motion explicitly referenced the 40-page limit imposed on "principal briefs" supporting and "in response to a motion for summary judgment." *Id.* at 2. In short—and even if plaintiff's counsel wasn't familiar with our local rules—their adversary directed plaintiff to the pertinent rule limiting the length of her response.

I.    **Motion to Strike (Doc. 134)**

When defendant called out plaintiff's failure to comply with our rules, Doc. 134 (Motion to Strike), plaintiff didn't retreat. Indeed, she doubled down. Doc. 138. Opposing defendant's Motion to Strike, plaintiff cites *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225 (D. Kan. 2007). Plaintiff cites this case—correctly—for the proposition that, in 2007, a plaintiff's "responses to defendant's statements of fact and plaintiff's additional statements of fact [at summary judgment] do not count toward the thirty-page limit." Doc. 138 at 3 (citing *Coleman*, 487 F. Supp. 2d at 1225). But here's the problem: *Coleman*'s a 2007 case, decided under the court's local rule in effect in 2007. Nearly a year ago, our court amended its local rules—including the one that controls here. *See* D. Kan. Rule 7.1 ("As amended 12/1/22[.]"). And those amendments changed the page limits governing summary judgment filings. As amended, the governing rule imposes a 40-page, all-in limit on principal briefs supporting and responding to a motion for summary judgment. *See* D. Kan. 7.1(d)(2). In sum, plaintiff utterly failed to file a complying brief.[2]

---

[2]   As defendant's motion notes, the excessive pages don't represent plaintiff's only departure from our local rules governing summary judgment. As an example, plaintiff departs from the rule requiring an opposition to summary judgment to "'begin with a section containing a concise statement of material facts'" that are genuinely disputed. Doc. 134 at 2 (quoting D. Kan. Rule 56.1) (emphases omitted). Here, plaintiff's counsel deviates from this rule by including extensive argument in both the response to defendant's statement of facts and in the additional statement of facts. *See, e.g.*, Doc. 133 at 12 (inserting

What's the remedy? Defendant asks the court to strike plaintiff's response. That part is easy. Plaintiff isn't entitled to promulgate her own version of local rules. The harder question is what should come next. At the harsh end of the spectrum, the court could treat defendant's motion for summary judgment as unopposed. But our Circuit has expressed the preference for courts to decide cases on their merits—and not on technical grounds. *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004) (requiring courts to "interpret procedural rules in favor of 'deciding cases on the merits as opposed to dismissing them because of minor technical defects'" and noting that "these principles run deep") (quoting *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 848 (10th Cir. 1997)). While plaintiff's deviations here can't possibly qualify as "minor technical defects," the court, consistent with this preference, directs plaintiff to file a fully compliant brief within 14 days of this Order. The court will not extend this deadline or entertain any requests to exceed the page limit adopted by our Rule 7.1(d). If plaintiff misses this deadline, the court will consider the first 40 pages of plaintiff's existing response—which this Order otherwise strikes—as plaintiff's only response to defendant's Motion for Summary Judgment (Doc. 119).

Granting the Motion to Strike (Doc. 134) has downstream consequences for other motions pending in the case. The court visits those motions, below.

**II.      Other Motions**

The court takes this opportunity to resolve several other motions pending in this case. The court explains each resolved motion below.

---

argument in facts section that "examples given are part of a continuing pattern of harassment based on race and reprisal that occurred continuously" (emphasis omitted)); *Id.* at 16 (inserting commentary that "discussion of private personnel matters was inappropriate" at the meeting in question); *Id.* at 17 (inserting conclusory statement that email string discussed "is an example of Duda's micromanagement"); *Id.* (inserting argument, presented as facts, that particular actions "were adverse job actions designed to reduce Ms. McCray's ability to advance in the VA system").

The court denies as moot defendant's Motion for the Court to Consider Defendant's Motion for Summary Judgment as Uncontested (Doc. 122). According to this Order, the court either will consider plaintiff's forthcoming fully compliant brief or a truncated version of the Response (Doc. 133) already filed. So, this motion is now moot.

Also, the court denies as moot plaintiff's Motion for Leave to File Exhibit Under Seal (Doc. 131). Plaintiff sought to seal Exhibit 18 to her Response. This Order requires plaintiff to refile her Response, which will include refiling all her exhibits, thus making this motion moot. To maintain the confidentiality of Exhibit 18, however, it must remain sealed. So, the court directs the Clerk of the Court to remove the provisional designation and thus leave Doc. 129 sealed.

The court denies as moot plaintiff's Motion to File *In Stanter* by Approximately an Hour (Doc. 132). This Order strikes plaintiff's Response (Doc. 133), so the motion to file that Response out of time is moot.

The court denies as moot defendant's Unopposed Motion for Extension of Time to File Reply (Doc. 139). If plaintiff files a compliant brief, the clock for a reply will restart. Defendant then will have 14 days, as provided by D. Kan. Rule 6.1(d)(2), to file a reply. If plaintiff doesn't file a compliant brief and the court considers a truncated version of the stricken Response, defendant has 14 days from the compliant brief deadline to file a reply to the truncated version.

Finally, plaintiff's disregard for deadlines and for our local rules has rendered the June 4, 2024, trial date wholly unrealistic. The court thus vacates that trial setting and will return to that issue once it decides the summary judgment motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Strike (Doc. 134) is granted. The court directs the Clerk to strike plaintiff's Response to

Defendant's Motion for Summary Judgment (Doc. 133). Plaintiff's Response (Doc. 133) is not part of the record in this case and the court will not consider it for summary judgment purposes unless plaintiff fails to file a compliant, timely Response.

**IT IS FURTHER ORDERED THAT** plaintiff has 14 days from the date of this Order to file a response to defendant's Motion for Summary Judgment (Doc. 119).

**IT IS FURTHER ORDERED THAT** defendant's Motion for the Court to Consider Defendant's Motion for Summary Judgment as Uncontested (Doc. 122) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to File Exhibit Under Seal (Doc. 131) is denied as moot. To maintain the confidentiality of this exhibit, however, the Provisionally Sealed Exhibit (Doc. 129) needs to remain sealed. So, the court directs the Clerk of the Court to remove the provisional designation and leave Doc. 129 sealed permanently.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to file *In Stanter* by Approximately an Hour (Doc. 132) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendant's Unopposed Motion for Extension of Time to File Reply (Doc. 139) is denied as moot. Defendant will have 14 days from plaintiff's filing of a compliant brief to file a reply. If plaintiff doesn't file a compliant brief, defendant will have 14 days from plaintiff's deadline to file a compliant brief to file a reply.

**IT IS FURTHER ORDERED THAT** the court modifies the case's Pretrial Order (Doc. 118) in part and vacates the trial date set for June 4, 2024.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2023, at Kansas City, Kansas.

                                                             **s/ Daniel D. Crabtree**
                                                             **Daniel D. Crabtree**
                                                             **United States District Judge**